Proceeding, pursuant to article 78 of the Civil Practice Act, for reinstatement of respondent to the position of teacher of swimming in high schools, in accordance with a certificate of permanent appointment dated February 7, 1945. By decision dated May 13, 1946, Special Term dismissed respondent’s petition. He thereupon moved for reargument, and by order dated June 27, 1946, reargument was allowed, the decision of May 13, 1946, vacated, and respondent’s petition for reinstatement granted. Appellants thereupon moved for reargument, and by order dated August 27, 1946, their motion was granted, but upon reargmnent the decision of June 27, 1946, was adhered to. The appeal from the order dated June 27, 1946, is dismissed, without costs. On appeal by the Board of Education from the order of August 27, 1946, the order is reversed on the law, with $10 costs and disbursements, and the petition dismissed, without costs. The certificate of permanent appointment had been made as the result of error and the Board of Education properly has vacated it. This certificate and the accompanying resolution of the Board of Education arose, as recitation therein of completion of probationary term shows, from a probationary appointment of respondent in 1944. This probationary appointment was clearly erroneous as respondent, undisputedly, had served a probationary period, had been a teacher for over five years, and had been placed on a preferred list in 1941 solely because of reduction in that year of the number of positions. The so-called probationary appointment in 1944 contains a provision clearly showing that it was intended to be a substitute appointment for a person then on leave of absence by reason of military duty. The same mistaken procedure adopted by the board with respect to others does not validate the appointment of respondent. Other men who have actually received reappointments since December, 1943, were ahead of petitioner on the original eligible list of 1936 and, accordingly, presumably were ahead of him on the preferred list of 1941. There is no showing on the part of respondent that a vacancy is available to him and the board unequivocally alleges that there is no such vacancy. If the contention of respondent were upheld, at least seven other men, some subsequent to him on the eligible list, likewise would be entitled to reinstatement, irrespective of lack of vacancies. Respondent’s position on the preferred list, which he does not invoke in this proceeding, is superior to any permanent appointment growing out of a probationary appointment in 1944, and he is entitled to reinstatement only upon a showing, not even attempted in this proceeding, that a vacancy exists to which he is entitled by reason of that status. Hagarty, Acting P. J., Carswell, Johnston, Adel and Sneed, JJ., concur.